IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTOINE LADALE TAYLOR, #1816700, § | |
| Petitioner, § | |
| § | |
| v. § | Civil No. 3:15-CV-2047-D-BK |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Div., § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be **DENIED**.

**I. BACKGROUND**

In 2012, Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to 38 years' imprisonment. *State v. Taylor*, No. F11–61645 (Crim. Dist. Ct. No. 3, Dallas County, Oct. 5, 2012), *aff'd*, No. 05-12-01410-CR, 2014 WL 1018175 (Tex. App.—Dallas Feb. 18, 2014, pet. ref'd). The Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Taylor*, No. WR-82,966-01, Doc. 7-21 at 1 (Tex. Crim. App. Apr. 29, 2015).[1]

In his federal petition, Petitioner complains of trial court errors, ineffective assistance of counsel, conflict of interest, and insufficiency of the evidence. Doc. 3 at 6-7; Doc. 4 at 3-18. Respondent argues all claims lack merit. Doc. 9. Petitioner has filed a reply. Doc. 10.

---

[1] The state habeas court record is available at Doc. 7-23, and the reporter's stenograph record of the trial and related proceedings is available at Doc. 7-3 through Doc. 7-11.

## II. ANALYSIS

### A. Petitioner's Claims Are Procedurally Barred

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012) ("only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default").

#### 1. Ineffective Assistance of Counsel

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 490-491 (5th Cir. 2005). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Petitioner did not exhaust his claim that trial counsel was ineffective for presenting to the jury an exhibit showing his prior conviction. *See* Doc. 7-23 at 10, 26-28 (Petitioner's state application and memorandum in support). Moreover, Petitioner has failed to demonstrate either cause or prejudice for the default or that the court's failure to consider the claim will result in a fundamental miscarriage of justice.

In his reply, Petitioner asserts that his claim that counsel was ineffective in presenting to the jury the allegedly offending exhibit was not "a new claim," but only "an argument" in support his ineffective assistance of counsel claim. Doc. 10 at 4. Regardless, as a stand-alone claim, it remains unexhausted; and as such, is procedurally barred from consideration by this Court.

### 2. Insufficient Evidence

The state habeas court denied relief on Petitioner's sufficiency of the evidence claim [Doc. 4 at 15-18] concluding that "[s]ufficiency of the evidence is not a cognizable claim on a writ of habeas corpus." Doc. 7-23 at 122; *see also Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Petitioner's failure to raise his claim on direct appeal and in his petition for discretionary review (PDR) constitutes a procedural default that bars review of his claim on the merits.[2] *See Reed v. Thaler*, 428 Fed. App'x. 453, 454 (5th Cir. 2011) (unpublished *per curiam*) (when a petitioner raises a sufficiency claim only in his state habeas application, "the Texas Court of Criminal Appeals' denial of his application [is] based on an independent and adequate Texas procedural ground such that his sufficiency claim is procedurally defaulted.").

Again, while Petitioner may overcome a procedural default by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims, he does not offer anything to meet that heavy burden. In his reply, Petitioner reiterates only the merits of his sufficiency of the evidence claim and does not dispute that it is procedurally barred. Doc. 10 at 4-5. Therefore, Petitioner's sufficiency claim is procedurally barred from federal habeas review.

---

[2] On direct appeal, Petitioner had raised a different sufficiency of the evidence claim, which he subsequently failed to present in the PDR. Doc. 7-18 at 6-8.

### 3. Alleged Errors of the Trial Court

Petitioner asserts the trial court denied him the right to effective assistance of counsel by failing to appoint new counsel.  Doc. 3 at 6.  He also maintains the trial court erred by allowing evidence of his prior conviction to be seen by the jury and for not allowing defense counsel to impeach the complaining witness.  Doc. 3 at 7.

However, as the state habeas court found, Claims 2 and 3 are procedurally barred because they could have been, but were not, raised on direct appeal.  Doc. 7-23 at 118, 120.  The United States Court of Appeals for the Fifth Circuit has held that the procedural rule barring consideration of record-based claims not raised on direct appeal in habeas proceedings is an adequate state ground for barring federal habeas review.  *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (citing *Ex parte Gardner*, 959 S.W.2d 189, 191 (Tex. Crim. App.1996, clarified on reh'g Feb. 4, 1998)).  In his reply, Petitioner once again reasserts the claims on the merits and does not dispute the procedural bar.  Doc. 10 at 5-7.  Consequently, Petitioner's second and third claims are also procedurally barred and should be dismissed.

### B. Petitioner's Remaining Claims Lack Merit

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the decision of the state court is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). As the United States Supreme Court has emphasized, section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102 786). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision, federal habeas relief should not be granted." *Id.* (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

**1. Ineffective Assistance of Counsel at Trial**

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner

makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### a) alleged failure to investigate case and interview potential witnesses

Petitioner asserts trial counsel rendered ineffective assistance when he failed to interview three potential witnesses and investigate the facts of the case. Doc. 3 at 6; Doc. 4 at 3. He maintains that if counsel had "interviewed Teresa Taylor, Amber, and James, he would have discovered that State's witness Paula Brown [the complainant] had a history of accusing prior boyfriends of [the] same exact crime, including previous ex-boyfriend named Sheldon and James." Doc. 4 at 3. This contention that counsel failed to investigate is unsupported and conclusory. *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (mere conclusory allegations do not raise a constitutional issue in a habeas proceeding). Moreover, Petitioner has failed to demonstrate that counsel's performance was deficient and that it prejudiced him. Specifically, Petitioner has failed to present evidence that Teresa, Amber, and James were available and willing to testify, or to even allege that their

testimony would have been favorable to him.  *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (to demonstrate the requisite *Strickland* prejudice, a habeas petitioner must show that witness would have testified at trial and that the testimony would have been favorable) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

On this record, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel at trial.  Thus, the state court's denial of relief on this ground was a reasonable application of federal law.

### b) alleged failure to convey plea bargain offer

Next, Petitioner asserts trial counsel failed to convey a 15-year plea bargain offer from the State, thereby depriving him of "the option to accept [it] prior to trial."  Doc. 3 at 6; Doc. 4 at 4–5.  He avers that he learned of the offer on the first day of trial, and that he "refused [it] only because counsel had it imprinted in Petitioner's head that his case was beatable and that prosecutors had no solid evidence against Petitioner."  Doc. 10 at 9.  The state habeas court, however, found "no merit to applicant's complaint about counsel's alleged failure to convey the State's fifteen-year offer to him."  Doc. 7-23 at 115.  The court further noted "that, at trial, both applicant and his counsel expressed applicant's desire to proceed on a trial by jury," and applicant "told the Court that he rejected the State's fifteen-year offer."  *Id.*

Giving appropriate deference to the state court's findings and having independently reviewed Petitioner's claim and the state court record, the Court concludes the state court's application of *Strickland* was reasonable.  Petitioner has provided nothing more than conclusory allegations to show that defense counsel's performance fell below an objective level of reasonableness.  *See Ross*, 694 F.2d at 1011 ("Absent evidence in the record, a court cannot

consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."). The record wholly contradicts Petitioner's self-serving assertions. At trial, the prosecutor noted that a 15-year offer had been extended to Petitioner in December 2011. Doc. 7-4 at 6-7 (RR Vol. 2). And *Pass Slips* from December 14, 2011, and January 4, 2012 (which were signed by Petitioner, defense counsel, and the prosecutor) corroborate that assertion.³ Also at trial, Petitioner never disputed that the offer had been made, and maintained that he had "been ready to go to trial since day one." Doc. 7-4 at 6. Accordingly, this claim lacks merit.

### c) alleged failure to object to court's statements during *voir dire*

Petitioner also asserts counsel was ineffective for failing to object to the trial court's statement during *voir dire* that he was charged with a second degree felony, although the indictment reflected that he was charged with a third degree felony. Doc. 3 at 6; Doc. 4 at 5. The state habeas court rejected this claim, holding:

> 10. The Court notes that aggravated assault, which is the offense with which applicant was charged, is a second-degree felony. *See* Tex. Penal Code Ann. § 22.02(b) (West 2011). The Court finds that its statement to the jury was correct. The Court finds that it further correctly explained to the jury that the range of punishment would increase if the State proved certain additional facts (State's Ex. B, p. 24). *See* Tex. Penal Code Ann. § 22.02(b)(1) (West 2011).
>
> 11. The Court finds that it would have been futile for counsel to object to the court's correct statement about the charged offense. *See generally Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) (noting that a reasonably competent counsel need. not perform a useless or futile act).

---

³ Electronic copies of the pass slips are available on the online docket sheet, which can be accessed by entering Case No. F11-61645 at http://courtecom.dallascounty.org/pav/ (last visited December 6, 2016).

12. The Court notes that the indictment incorrectly reflects that applicant was charged with a third-degree felony (Applicant's Ex. A). There is no requirement, however, that an indictment allege the classification level of the charged offense. See generally Tex. Code Crim. Proc. Ann. art. 21.02 (West 2009) (establishing the requisites of an indictment). The Court finds no reversible error in the indictment.

13. The Court finds that applicant has failed to prove by a preponderance of the evidence that trial counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Bone v. State*, 77 S.W.3d 828, 834 (Tex. Crim. App. 2002). The Court concludes that applicant was not denied the effective assistance of counsel at trial.

Doc. 7-23 at 116-117.

Giving appropriate deference to the state court's findings and having independently reviewed Petitioner's claim and the state court record, the Court concludes the state court's application of *Strickland* was reasonable. Petitioner has again failed to provide more than conclusory allegations to show that defense counsel's performance fell below an objective level of reasonableness. *See Ross*, 694 F.2d at 1011 (conclusory assertions on a critical issue are insufficient to support a constitutional claim). Moreover, Petitioner has wholly failed to offer a non-frivolous basis for objection during voir dire. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness"). Accordingly, this ground for relief likewise fails.

### 2. Ineffective Assistance of Counsel on Appeal

Petitioner asserts his appellate counsel rendered ineffective assistance in failing to adequately research the trial records, and for presenting only three frivolous grounds on appeal.

Doc. 3 at 7; Doc. 4 at 12-14. But the state habeas court rejected Petitioner's assertions, finding as follows:

> 24. Applicant claims his appellate counsel was ineffective because she raised only three issues on appeal and all three issues were frivolous. Applicant claims counsel would have found more errors to raise on appeal had she thoroughly reviewed the record of trial.
>
> 25. The Court notes that counsel need not raise all possible claims on appeal in order to be effective. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Williams v. State*, 946 S.W.2d 886,904 (Tex. App.-Waco 1997, no pet.).
>
> 26. The Court also notes that applicant does not state what other meritorious issues counsel could have raised on appeal. *See generally Maldonado*, 688 S.W.2d at 116 (explaining that an applicant seeking habeas relief must allege and prove facts, which if true, would entitle him to relief).
>
> 27. The Court finds that applicant has failed to prove by a preponderance of the evidence that appellate counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the appeal would have been different in the absence of counsel's errors. *Strickland*, 466 U.S. at 689; *Bone*, 77 S.W.3d at 834. The Court concludes that applicant was not denied the effective assistance of counsel on appeal.

Doc. 7-23 at 121-122.

Applying the appropriate deference and having independently reviewed Petitioner's claim and the state court record, the Court concludes the state court's application of *Strickland* was reasonable. *See Smith v. Robbins*, 528 U.S. 259, 285-286 (2000) (applying *Strickland* standard in evaluating the ineffective assistance of appellate counsel). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (citing *Jones*, 463 U.S. at 751-752). It is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*,

463 U.S. at 752; *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003) (counsel is obligated only to raise and brief those issues that are believed to have the best chance of success).

Here, Petitioner has not demonstrated that any of the issues that he contends appellate counsel should have raised (to-wit, most of the ones raised in his federal petition, Doc. 10 at 9-10) were clearly stronger than the issues counsel did pursue on direct appeal. *See Smith*, 528 U.S. at 288 ("[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome") (cited case omitted). Because Petitioner cannot demonstrate the state court's decision rejecting his ineffectiveness claim was unreasonable, his claim has no merit.

### 3. Denial of Conflict-Free Counsel

Lastly, Petitioner complains he was denied conflict-free counsel. He argues that "a conflict between Petitioner and his Counsel had developed," and that the trial court erred in denying his request for new counsel before *voir dire*. Doc. 4 at 6-7; Doc. 7-4 at 11-12. Petitioner avers that counsel failed to communicate with him and that he "repeatedly ignored Petitioner and displayed a lack of interest in Petitioner's trial." Doc. 10 at 11. He also claims counsel had a conflict of interest because he failed to convey the State's 15-year plea bargain offer. Doc. 4 at 14-15.

Contrary to his assertions [Doc. 4 at 14], the situation Petitioner describes does not suggest a potential or actual conflict of interest implicating Petitioner's Sixth Amendment right to counsel,[4] so much as his personal dissatisfaction with his counsel stemming from a conflict of

---

[4] For example, Petitioner does not raise a conflict of interest stemming from multiple representation as in *Cuyler v. Sullivan*, 446 U.S. 335, 345-350 (1980) (presuming prejudice

personalities.  Said more succinctly, apart from his conclusory assertions, Petitioner has failed to provide evidence of any conflict or that his counsel's loyalties were compromised so as to even implicate his Sixth Amendment right to conflict-free counsel.

> [A] defendant is only entitled to substitute counsel if the court finds significant interference with an existing attorney's "ability to provide zealous representation." *See United States v. Boone*, 437 F.3d 829, 839 (8th Cir.), *cert. denied*, 549 U.S. 870, 127 S.Ct. 172, 166 L.Ed.2d 123 (2006).  This follows logically from the proposition that defendants are not entitled to appointed counsel of their choice.  That rule would be rendered a nullity if insubstantial complaints entitled defendants to substitute counsel.

*United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007)

And finally, as is ever germane to this Court's analysis, Petitioner has not shown that counsel's performance was deficient and that it prejudiced him.  *See Beets v. Scott*, 65 F.3d 1258, 1265-1273 (5th Cir. 1995) (*Strickland* standard applies to conflicts that impinge on counsel's loyalty).  Petitioner simply claims that counsel ignored him and lacked any interest in his trial.  Doc. 10 at 11.  His bare assertions, however, are vague and insufficient to plead a Sixth Amendment claim.  *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claims).  Without any specific allegation explaining that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced, Petitioner cannot raise an issue of constitutional import.  Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 23 (quotations and quoted case omitted).

---

where a "defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'").

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel. The state court's denial of relief on this claim was a reasonable application of federal law. Accordingly, this claim fails.

### 4. Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing to develop his claims. Doc. 3 at 7; Doc. 4 at 18. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181; *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED February 24, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE